UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA TAPIA, | |
| Plaintiff, | No. 19 C 01257 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, PAUL MACK, and EDUARDO BELTRAN, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Melissa Tapia objects to a portion of the October 29, 2021 order entered by Judge Maria Valdez granting in part and denying in part plaintiffs' motion to compel.[1] Tapia's objections are overruled and Judge Valdez's order is affirmed.

On March 4, 2021, Judge Valdez entered an order extending the fact discovery deadline in this matter from February 28, 2021 to August 19, 2021. The order provided that that extension "would be for the sole purpose of completing document production and oral discovery, *not for propounding new requests*." R. 100, at 6 (emphasis added). The fact discovery deadline was later extended to October 18, 2021. R. 129.

On May 27, 2021, Tapia served her Third Request for Production of Documents, seeking the production of a Chicago Police Board investigation file

---

[1] The motion was filed jointly by plaintiffs in this and two other related cases, *Schloss v. City of Chicago, et al.*, No. 18-cv-1880, and *Bresnahan v. City of Chicago, et al.*, 18-cv-1974. Only Tapia has objected to the Order.

1

related to charges against Defendant Eduardo Beltran. The charges alleged that Beltran accepted a bribe to use CPD equipment for private benefit and created a false report related to the use of the equipment. R. 143. After Defendants objected to the request, Tapia eventually filed a motion to compel production of the investigation file, among other information. R. 135.

On October 29, 2021, Judge Valdez denied Tapia's motion to compel production of the investigation report, finding that the discovery request was untimely and the report was irrelevant and nondiscoverable. R. 143. Tapia timely objected to that order pursuant to Federal Rule of Civil Procedure 72(a).

With respect to non-dispositive orders, the district judge in a case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only in the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dirickson v. Intuitive Surgical, Inc.*, 2021 WL 4461574, at *1 (N.D. Ill. July 2, 2021).

The October 29 order is not clearly erroneous or contrary to law. Discovery requests under Rule 34 served after a discovery cutoff date are barred as untimely. *See Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853, at *5 (N.D. Ill. July 19, 2001). Judge Valdez found that the requests were untimely in light of the

March 4, 2021 order which extended the then-existing February 28, 2021 discovery deadline "for the sole purpose of completing document production and oral discovery." That order stated, in response to concerns raised by Defendants, that new requests would not be permitted beyond the original discovery cutoff. R. 100, at 6. Tapia argues that she could not have served her request within the original time because the CPD's Superintendent did not bring charges against Beltran until April 2021 but offers no support for why this fact justifies disregarding the applicable discovery schedule.

The Court also notes Tapia is not substantially prejudiced by the denial of her motion to compel. The subject of the investigation report she seeks is a matter of extensive public record. To the extent evidence of the charges against Beltran is admissible at trial, Tapia will have plenty of material to use.

The untimeliness of Tapia's request is a sufficient reason to deny the motion to compel, regardless of the request's substance. *See Kosek v. Ethicon, Inc.*, 2021 WL 4499495, at *2 (N.D. Ill. May 17, 2021). Accordingly, Judge Valdez's October 29, 2021 order is affirmed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 13, 2021

3